Craig C. Marchiando (SBN 283829)
Leonard A. Bennett, *pro hac vice forthcoming*
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel:   757-930-3660
Fax:   757-257-3450
Email:  craig@clalegal.com
Email:  lenbennett@clalegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| **DENISE L. WATKINS,** *on behalf of herself and all others similarly situated,*<br><br>     **Plaintiff,**<br><br>v.<br><br>**AVIS BUDGET GROUP, INC.,** and **STERLING INFOSYSTEMS, INC.,**<br><br>     **Defendants.** | **ORIGINAL COMPLAINT**<br><br>Civil Action No. 2:17-cv-6924<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Denise L. Watkins, and for her Original Complaint against Avis Budget Group, Inc., and Sterling Infosystems, Inc., alleges the following:

## I.      NATURE OF THE CASE

1.      Plaintiff brings this action against Defendants for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(b)(2) and (3), and 1681e(b).

2.      Avis Budget Group, Inc. operates a national and international car rental business with offices within and outside the United States.

3.      Avis meets its staffing needs with individuals such as Plaintiff Watkins. Plaintiff, a Nebraska resident, applied to work in an Avis office in Los Angeles, California in the Summer of 2016.

4.      As part of its hiring process, Avis uses criminal-background reports (commonly referred to as "background checks") generated by Defendant Sterling to make employment decisions. Because such employment decisions are based in whole

PLAINTIFF'S ORIGINAL COMPLAINT

or in part on the contents of the criminal-background reports, Avis is obliged to adhere to certain strictures of the FCRA.

5.     Sterling operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"). Sterling maintains an FCRA database to prepare and furnish consumer reports for employment and other purposes. Sterling provided these consumer reports to prospective and existing employers, including Avis. Avis refused to hire Plaintiff based in whole or in part on the contents of the consumer report.

6.     Before they may obtain a background check for use in their hiring processes, employers must convey to consumers their intent to do so in a document that the FCRA demands "consist[s] solely of the disclosure," and then obtain the consumer's written authorization for the background check. Court's commonly refer to this as the "standalone disclosure" requirement.

7.     Properly disclosing the intent to obtain background checks and obtaining the appropriate authorization protects consumers' privacy by limiting the access to private information to only specific instances, namely, where employers have followed the FCRA's steps before they procure background reports.

8.     When using background checks for employment purposes, "users" must, before taking any adverse action based in whole or in part on the contents of the report, provide job applicants like Plaintiff with a copy of their respective reports as well as a written summary of their rights under the FCRA.

9.     Providing a copy of the criminal-background report as well as a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision.

PLAINTIFF'S ORIGINAL COMPLAINT

10.     To complete this process—consideration of the employment reports and sending of the mandatory FCRA notices—Avis and similar employers hired Sterling, which operates in this and many instances as both the consumer reporting agency generating the background check as well as the agent of the employer to execute all decisions based on the information contained therein.

11.     Defendants are informed of the necessary rigors FCRA compliance imposes, as the facts alleged in this case have been the subject of extensive litigation against employers like Avis and CRAs like Sterling in other cases.

12.     Plaintiffs brings a claim against Avis under 15 U.S.C. § 1681b(b)(3), because it, as an omission in the hiring process of its customers failed to provide Plaintiff with a copy of her criminal-background report or a summary of FCRA rights before taking an adverse action against her.

13.     Separately as to Avis, Plaintiff asserts that it violated Section 1681b(b)(2) by obtaining an employment-purposed consumer report about her using a disclosure and authorization form that was not a standalone document that consisted solely of the disclosure.

14.     Plaintiff also brings a claim under 15 U.S.C. § 1681e(b) against Sterling because of inaccuracies contained in her Sterling report to Avis. Sterling sold to Avis a report about Plaintiff that contained significant criminal history attributable to her twin brother who, although has the same date of birth as Plaintiff, has a different first and middle name, Social Security Number, and is male.

15.     As a result of Sterling's report, Avis withdrew its offer of employment to Plaintiff, causing her significant expense because she had already spent a considerable amount of money and effort in preparation for her move to Los Angeles.

## II.     JURISDICTION AND VENUE

16.     The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

PLAINTIFF'S ORIGINAL COMPLAINT

17.     Venue is proper in this Court because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2).

18.     Venue is also proper in this Court because Defendant Avis can be found in this District. 28 U.S.C. § 1391(b)(3). Among other things, Defendant conducts business in this District and Division, and Plaintiff applied for a job with Avis that would have had her employed in this District and Division.

### III.     PARTIES

19.     Plaintiff Denise Watkins is a "consumer" as protected and governed by the FCRA.

20.     Defendant Avis Budget Group is a New Jersey entity that markets its services throughout the United States, including within this District.

21.     Sterling Infosystems, Inc. is a consumer reporting agency ("CRA") as defined and governed by the FCRA, that sells its products throughout the United States, including within this District.

### IV.     FACTUAL ALLEGATIONS

**A.     Plaintiff's Acceptance Of Offer Of Employment With Avis.**

22.     Living in Nebraska at the time, Plaintiff Denise Watkins applied for a position at a Los Angeles location of Defendant Avis during the late summer of 2016. On around July 1, 2016, Avis offered Plaintiff the position for which she applied, which would have required her to move to Los Angeles.

23.     The job offer was contingent on a background check, which Plaintiff was certain she would pass because she has only a misdemeanor charge in her past, and she shared that fact with Avis in her application and during the interview process.

24.     Avis indicated that such a charge would not stand in the way of Plaintiff being hired.

25.     Discovery will show that before conducting the background check, Avis presented Plaintiff with its standard "Fair Credit Reporting Act" disclosure form. The

PLAINTIFF'S ORIGINAL COMPLAINT

supposed purpose of this form is to comply with the disclosure requirements of 15 U.S.C. § 1681b(b)(2).

26.    The disclosure form, provided by Sterling to Avis, is not a standalone disclosure as section 1681b(b)(2) requires.

27.    Discovery will show that apart from stating that Avis will obtain a consumer report about Plaintiff, the disclosure form contains multiple, unrelated and unnecessary statements that make the form violative of Section 1681b(b)(2). This Sterling standard form has been the subject of significant litigation by plaintiffs asserting the same Section 1681b(b)(2) claims as Plaintiff here. *See Robrinzine v. Big Lots Stores, Inc.*, 156 F. Supp. 3d 920, 927 (N.D. Ill. 2016) (setting out content of form and collecting cases where plaintiffs have successfully stated claims for Section 1681b(b)(2) violations).

28.    To comply with Section 1681b(b)(2), all the employer has to communicate is that it may obtain a consumer report for employment purposes about the applicant. The inclusion of this unnecessary information makes the form needlessly long and confusing.

29.    Plaintiff values her privacy and—all other things equally and, if her choice—would not share her personal consumer report with any potential employer, including Avis.

30.    Had Plaintiff known at the time she was presented with Avis's defective disclosure that it may violated the FCRA, she would not have authorized Avis to conduct that background check.

31.    Avis ordered a background check on Plaintiff from Sterling in early July, 2016, which Sterling completed soon thereafter.

32.    Discovery will show that Avis's written procedure for processing a consumer's employment background check was something like: (a) the consumer completes an online application, which is then sent electronically and automatically to Sterling; (b) Sterling completes that background check and scores or grades the

PLAINTIFF'S ORIGINAL COMPLAINT

applicant's search results as "adverse" or "compliant," or words to that effect, using hiring criteria Avis provides to Sterling; (c) Sterling posts the results on its website for Avis to view and use; and (d) Avis then reviews the report and confirms the score back to Sterling by clicking a button on Sterling's report webpage.

33.     Sometime after this exchange of information back to Sterling, it mailed Plaintiff a letter purportedly from Avis, which included a copy of Plaintiff's Sterling report, that is intended to comply with 15 U.S.C. § 1681b(b)(3). This letter is commonly known as a "pre-adverse action" notice.

34.     Several days later, Sterling sent, again on Avis' behalf, a final letter to Plaintiff revoking her offer of employment with Avis.

35.     Though the pre-adverse action notice is designed to allow an applicant like Plaintiff to learn the same information the employer has in-hand when it is making its hiring decision and (1) either discuss any true but negative information preemptively with the employer, or (2) dispute any inaccuracies.

36.     Caselaw surrounding the interpretation of Section 1681b(b)(3)'s pre-adverse-action notice requirement have established that employers must give applicants a reasonable period of time to review the report, typically five business days.

37.     In point of fact, however, the pre-adverse action letter does not satisfy Section 1681b(b)(3)'s requirement that it come before the adverse action is carried out, as the parroting-back of Sterling's grade of "adverse" on Plaintiff's report constitutes an adverse action because, unless the consumer makes a dispute and then changes Avis's mind about the "adverse" grade, Sterling sends the final adverse action letter automatically—and without further communication from Avis—within a certain number of days after mailing the pre-adverse action notice.

38.     After Sterling completed Plaintiff's background search, it scored her report "adverse" and communicated that decision to Avis. Avis then adopted the adverse score wholesale, and called Plaintiff and informed her that it was withdrawing the job offer.

PLAINTIFF'S ORIGINAL COMPLAINT

39.    A few days after Avis communicated to Plaintiff its decision to withdraw her job offer, Plaintiff received the purported pre-adverse-action notice in the mail. The notice was of course too late, as Avis had already informed Plaintiff that it was withdrawing her job offer.

40.    During the time that Plaintiff awaited the results of Sterling's background report, she made preparations to move to Los Angeles. She did so because she had disclosed her only criminal history to Avis and was assured it would not impair her employment. She turned-in her notice of intent to vacate to her landlord, gave her employer notice that she would be quitting in a few weeks, and made three trips to Los Angeles to prepare for the move (during which she incurred hotel, car rental, and airfare expenses for her family of three).

41.    When Avis informed her it was withdrawing her job offer, the representative explained that the Sterling report contained several items of criminal history that do not belong to Plaintiff. These charges belong to Plaintiff's twin brother, who has an extensive criminal history.

42.    While Plaintiff's twin brother shares her date of birth, he has a different Social Security Number; his first name is Dennis, not Denise; his middle name is Keith, whereas Plaintiff's is Lashawn; and he is a man, while Plaintiff is a woman.

43.    Had Sterling used reasonable procedures to match the criminal history it included in Plaintiff's report, it would have omitted the criminal history of Plaintiff's brother.

44.    No one at Avis provided Plaintiff with a copy of the Sterling background report prior to taking the adverse action against her.

**B.    Avis's Practices and Policies.**

45.    Avis has created and implemented national, uniform hiring and staffing policies, procedures, and practices under which it and its subsidiaries operate. Those policies, procedures, and practices cover the use of "background checks" or "consumer reports" to screen potential employees.

7                                    PLAINTIFF'S ORIGINAL COMPLAINT

46.     As part of that process, Avis presents all applicants with the same (or substantially the same) disclosure and authorization form it presented to Plaintiff. The form is unnecessarily long and confusing, and misstates the employer's obligations under the FCRA, among other things.

47.     Avis violates Section 1681b(b)(2) every time it obtains a consumer report based on the form (or one substantially similar to the form) it provided to Plaintiff.

48.     Avis routinely uses consumer reports to screen prospective employees, using consumer reports prepared by Sterling. Discovery will show that Avis will promptly review the consumer reports and the grades Avis applies, communicating the grade of adverse straight back to Sterling without alteration. As a matter of practice, Avis regularly fails to provide copies of consumer reports to job applicants against whom it takes an adverse action based in whole or part on consumer reports, before taking that adverse action.

49.     As a matter of practice, Avis also regularly fails to provide copies of the FTC or CFPB notice of rights to job applicants against whom it takes an adverse action based in whole or part on a consumer report, before taking that adverse action.

50.     As a matter of course, Avis uses the same business process for obtaining and using consumer reports, and for the "adjudication" of employment applications as it did with Plaintiff with all its applicants. In authorizing Sterling to mail pre- and final adverse action letters at some point after a grade of "adverse" but not before Avis takes an adverse action, Avis deprives consumers of any reasonable time period by which to dispute or discuss any inaccurate or derogatory information in their background reports before a final hiring decision is made.

51.     Because Avis grades reports as "adverse" and *then* has Sterling send the Section 1681b(b)(3) notice on Avis's behalf to Avis applicants, Avis violates Section 1681b(b)(3) each time because the adverse-action is final before Sterling ever mails a notice to an applicant.

PLAINTIFF'S ORIGINAL COMPLAINT

52.    As a result of these FCRA violations, Avis is liable to Plaintiff for her actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

53.    Avis's conduct and omissions were willful. Because the FCRA was enacted in 1970, Avis has had years to become compliant but has failed to do so.

54.    Avis, a nationwide employer, was aware of obligations under the FCRA as they relate to employment because it hired Sterling not only to perform its background checks but also to (attempt to) provide Avis's adverse-action notices to job applicants. Avis therefore knew of the requirements imposed upon it by the FCRA, and failed to craft a system that would ensure compliance with them.

## V.    LEGAL REQUIREMENTS

55.    The FCRA, in Section 1681b(b)(2), regulates the conduct of persons who obtain a "consumer report" about employees or applicants:

> Except as provided in subparagraph (B) [circumstances not present here], a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless --
>
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

56.    Courts, including the Ninth Circuit, have roundly held that the disclosure must be in a standalone document, and that "consists solely of the disclosure" means just that.

57.    Instead, discovery will show, the Avis disclosure contains unneeded statements about the need for consumers to be honest on their applications (for which there is no FCRA requirement), a misstatement of the obligations of Avis before taking

adverse actions based on the contents of reports, and state-law requirements that are only applicable to a handful of jurisdictions.

58.   Notwithstanding that Plaintiff was a Nebraska resident applying for a position with a California office of Defendant and Defendant is headquartered in New Jersey, the disclosure form included state specific requirements for not only California but also Maine, Massachusetts, New Jersey, New York, Oklahoma, and Washington.

59.   As a result of its defective disclosure, Defendant procured a consumer report for Plaintiff without disclosing that fact in a standalone document and without first obtaining a proper, written authorization to do so.

60.   Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates --
>
> (i)   a copy of the report; and
>
> (ii)   a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

61.   The purpose of § 1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies, to notify the prospective employer of these inaccuracies before an adverse action is taken and generally to discuss the contents of the report with the prospective employer.

62.   This statutory requirement was enacted by Congress expressly to protect consumer privacy by restricting the circumstances under which a person (in this

PLAINTIFF'S ORIGINAL COMPLAINT

instance Avis) could obtain and use a consumer's personal information consumer report.

63.    In enacting this FCRA provision, Congress also expressly sought to guarantee important material information be provided to Plaintiff and consumers like her with respect to employer use of a consumer report for an employment adverse action.

64.    Plaintiff has been substantively harmed and injured by Avis in the violation of their personal privacy and in the deprivation of the congressionally mandated information.

65.    Finally, the FCRA imposes upon CRAs like Sterling the requirement that they employ reasonable procedures to ensure the maximum possible accuracy of the information they report. 15 U.S.C. § 1681e(b).

66.    Sterling failed to heed this mandate when it created a consumer report about Plaintiff for Avis and included criminal history that belongs to Plaintiff's brother, not her.

67.    The inclusion of this inaccurate information caused Avis to reject Plaintiff for employment, as she shared her true criminal history with Avis during the application process and was assured that history would not imperil her employment.

68.    Had Sterling used reasonable procedures to compile and match to Plaintiff the information it included in Plaintiff's report to Avis, it would have quickly realized that the information it attributed to Plaintiff belonged to her brother because of at least the different Social Security Numbers, middle names, and sexes listed in the criminal records.

## VI.    DEFENDANTS ACTED WILLFULLY

69.    Avis knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial

Protection Bureau. Defendant obtained or had available substantial written materials, which apprised it of its duties under the FCRA.

70.    Avis obtained or had available substantial written materials which apprised it of its duties under the FCRA.

71.    The written disclosure which precedes a written authorization for a prospective employer to obtain a consumer report for employment purposes must be presented in a clear, conspicuous, stand-alone form.

72.    Avis knew that it had an obligation to provide a standalone disclosure and obtain the consumer's authorization before procuring a consumer report.

73.    The FCRA requires that, before procuring consumer reports for use in the employment context, employers must certify to the consumer reporting agency that they will comply with the FCRA's stand-alone disclosure and authorization requirements. *See* 15 U.S.C. § 1681b(b)(1).

74.    In accordance with their standard procedures, the consumer reporting agencies from which Defendant acquired consumer reports during the five years preceding the filing of this Complaint, including Sterling, required Avis to certify that it would comply with the stand-alone disclosure provisions of the FCRA.

75.    Before procuring Plaintiff's report, Avis did, in fact, certify to Sterling and other consumer reporting agencies that it would comply with the standalone disclosure and authorization provisions of the FCRA.

76.    In its contract with Sterling, Avis also agreed that before obtaining a consumer report, Avis would provide a disclosure in writing to the consumer that a consumer report will be obtained for employment purposes and that such disclosure will be made in a document consisting solely of the disclosure.

77.    By inserting extraneous information into Plaintiff's disclosure, Avis willfully violated 15 U.S.C. § 1681b(b)(2)(A).

78.    Before a person takes an adverse employment action, it must provide two documents to the prospective employee, along with time for the applicant to review

PLAINTIFF'S ORIGINAL COMPLAINT

and dispute or preemptively discuss negative information. *See* Letter from Clark W. Brinckerhoff to Erick J. Weisberg (June 27, 1997), FTC Informal Staff Letter (noting that taking action a period of five business days after notice "appears reasonable."); *Williams v. Telespectrum, Inc.,* Civil Action No. 3:05cv853 (E.D. Va. 2006), Report and Recommendation of Magistrate Judge Hannah Lauck dated November 7, 2006, adopted by Judge R. Payne January 8, 2005, (holding that a user of a consumer report must provide to the consumer a copy of the report and disclosure of rights a sufficient amount of time before it takes adverse action so that the consumer can rectify any inaccuracies in the report, and simultaneous provision of the report does not satisfy this requirement); *Kelchner v. Sycamore Manor Health Center,* 305 F. Supp. 2d 429, 435 (M.D. Pa. 2004); (holding a reasonable period for the employee to respond to disputed information is not required to exceed five business days following the consumers receipt of the consumer's report from the employer); *Beverly v. Wal-Mart Stores, Inc.*, No. 3:07cv469 (E.D. Va. 2009) (ordering ChoicePoint to mail adverse action notices on behalf of its customers shall occur no earlier than five business days after the mailing of the pre-adverse action notices).

79.     To ensure knowing compliance with the FCRA, Congress requires that before any consumer reporting agency may provide consumer reports on an applicant, the reporting agency must have obtained a certification from the employer that it will comply with 15 U.S.C. § 1681b(b)(3) whenever the employer decides to take adverse action based in whole or in part on the consumer report.  15 U.S.C. § 1681b(b)(1)(A).

80.     Discovery will show that Avis knowingly executed a certification providing that it would comply with the various provisions of the FCRA whenever adverse action was contemplated or taken based in whole or in part on information contained in a consumer report.

81.     Despite its certification, Avis knowingly violated 15 U.S.C. § 1681b(b)(2) and (b)(3).

82.    Although aware of these legal obligations, Avis acted consciously in breaching its known duties and depriving Plaintiff of her rights under the FCRA.

83.    As a result of these FCRA violations, Avis is liable to Plaintiff for her actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the violations alleged herein, and for attorneys' fees and costs pursuant to §§ 1681n and 1681o.

## VII.    PLAINTIFF'S CONCRETE HARM

84.    By implementing these policies, AVIS deprived Plaintiff of her Congressionally mandated rights of privacy and to information to which Congress has deemed them entitled.

85.    Section 1681b(b)(2)(A) "creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process. The authorization requirement, § 1681b(b)(2)(A)(ii), creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check. By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a "chain[ ] of causation that will give rise to a case or controversy." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017).

86.    Section 1681b(b)(2)(A) also establishes a right to privacy in one's consumer report that employers may invade through the use of a compliant disclosure. *See id*.

87.    Had Plaintiff known at the time she viewed the disclosure form Avis presented to her that it may violate federal law, she would not have agreed to the background check.

88.    "Section 1681b(b)(3), like § 1681b(b)(2)(A), provides the consumer with a legally cognizable right to specific information. Specifically, . . . [consumers have]

the right to receive a copy of the report on which the adverse action is based and a summary of their rights under the FCRA before the contemplated adverse employment action is taken." *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 637–38 (E.D. Va. 2016) (cited with approval in *Syed*).

89.   "Relatedly, [§ 1681b(b)(3)] provides consumers against whom adverse employment action is contemplated with a right to have time to discuss the reports with their current or prospective employers and to correct the reports if necessary before the contemplated adverse action is taken. *Id*.

90.   The protections established by § 1681b(b)(2)(A) and by § 1681b(b)(3) "are clearly substantive, and neither is technical nor procedural." *Id*. at 632.

91.   By failing to provide Plaintiff with a clear and conspicuous disclosure in writing in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes as required by § 1681b(b)(2)(A), Avis denied Plaintiff information to which she was specifically entitled under the FCRA.

92.   By procuring the consumer report of Plaintiff without making the disclosure required by § 1681b(b)(2)(A), Defendants have unlawfully invaded Plaintiff's right of privacy created by the FCRA. *See id*. at *32–33. ("Thomas . . . has alleged that Defendants invaded the statutory right to confidentiality of his personal information by obtaining his consumer report without first providing the required disclosure or obtaining his written consent, as required by § 1681b(b)(2)(A). This allegedly unauthorized disclosure of personal information constitutes an invasion of the statutory right to privacy and a concrete injury sufficient to confer Article III standing.").

93.   The invasion of privacy exists regardless of the fact that a consumer may have signed the disclosure form or understood that Avis would run a background check, and regardless of the accuracy of any information in the resulting consumer report.

PLAINTIFF'S ORIGINAL COMPLAINT

94.     By taking adverse action against Plaintiff without first providing her with a copy of her consumer report, Avis denied Plaintiff information to which she was specifically entitled under the FCRA.

95.     When Avis took adverse action against Plaintiff without providing her sufficient time to discuss the consumer reports and to correct the reports if necessary, Avis denied Plaintiff the opportunity that Congress provided through the FCRA.

96.     The informational injury, the breach of privacy injury, and the injury resulting from the deprivation of the opportunity to explain and discuss the issues raised by derogatory information in her consumer report suffered by Plaintiff as a result of Avis's violations of §§ 1681b(b)(2)(A) and 1681b(b)(3) are particularized because those injuries happened to Plaintiff.

97.     The informational injuries suffered by Plaintiff as a result of Avis's violations of §§ 1681b(b)(2)(A) and 1681b(b)(3) are real and concrete because "it is well-settled that Congress may create a legally cognizable right to information, the deprivation of which will constitute a concrete injury [and] [b]y extension, it is well within Congress' power to specify the form in which that information must be presented." *Thomas*, 193 F. Supp. 3d at 635.

98.     The invasion of privacy injury suffered by Plaintiff as a result of Avis's violations of § 1681b(b)(2)(A) is real and concrete because "it has long been the case that an unauthorized dissemination of one's personal information, even without a showing of actual damages, is an invasion of one's privacy that constitutes a concrete injury sufficient to confer standing to sue" and Congress has extended the right of privacy to information contained within one's consumer report. *Id*.

99.     With § 1681b(b)(3), Congress identified a substantial risk of harm caused by the dissemination of inaccurate or misleading information regarding consumers, who could potentially suffer an adverse and often secret employment decision without an opportunity to address the underlying information or to know their rights. *See* Sen. Rep. No. 104-185, 35 (Dec. 14, 1995).

# VIII.  CAUSES OF ACTION

### COUNT ONE: VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)
### Against Defendant Avis

100.   Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

101.   Avis's failure to provide Plaintiff with a standalone disclosure and properly obtain her authorization for Avis to obtain a consumer report for employment purposes violated 15 U.S.C. § 1681b(b)(2)(A).

102.   The conduct, action, and inaction of Avis were willful, rendering it liable for actual and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Avis was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

103.   Plaintiff is entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Avis in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

### COUNT TWO: VIOLATION OF 15 U.S.C. § 1681b(b)(3)(A)
### Against Defendant Avis

104.   Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

105.   Avis's failure to provide Plaintiff with a copy of the consumer report upon which it based its decision to take the adverse action, prior to taking such action, violated 15 U.S.C. § 1681b(b)(3)(A)(i).

106.   Likewise, Avis's failure to provide Plaintiff the mandated FTC/CFPB Summary of FCRA Rights, prior to taking such action, violated 15 U.S.C. § 1681b(b)(3)(A)(ii).

107.   Avis's creation of a system in which Sterling mails pre- and final adverse action letters after hiring decisions are finally already made robs consumers of a reasonable opportunity to dispute inaccurate information in their background reports, further violating Section 1681b(b)(3).

PLAINTIFF'S ORIGINAL COMPLAINT

108.  Avis's obtaining and use of Plaintiff's consumer report without compliance with § 1681b(b)(3) violates 15 U.S.C. § 1681b(f).

109.  The conduct, action, and inaction of Avis were willful, rendering it liable for actual and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Avis was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

110.  Plaintiff is entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Avis in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

**COUNT THREE: VIOLATION OF 15 U.S.C. § 1681e(b)**
**Against Defendant Sterling**

111.  Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

112.  Sterling provided to Avis a consumer report about Plaintiff that included criminal history that did not belong to her, making her criminal history appear worse than it actually is.

113.  Avis, believing the Sterling report to be correct, chose not to hire Plaintiff based on the inaccurate information on the Sterling report.

114.  As a result of this conduct by Sterling, Plaintiff suffered actual damages, including without limitation, by example only, and as described herein on behalf of her counsel: loss of employment, damages to reputation, embarrassment, humiliation, physical adverse symptoms, and emotional and mental distress.

115.  Sterling's violation of 15 U.S.C. § 1681e(b) was reckless or willful, rendering Sterling liable pursuant to 15 U.S.C. § 1681n. In the alternative, Sterling was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

116.  Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorneys' fees from Sterling in an amount to be determined by the Court or a jury pursuant to 15 U.S.C. §§ 1681n & 1681o.

## IX.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1.     That judgment be entered against Defendant Avis for actual damages and punitive damages for violation of 15 U.S.C. § 1681b, pursuant to 15 U.S.C. § 1681n;

2.     That judgment be entered against Defendant Sterling for actual damages and punitive damages for violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n;

3.     That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

4.     That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**DENISE WATKINS,**

By:___*/s/ Craig C. Marchiando*__
Counsel

Craig C. Marchiando, SBN 283829
Leonard A. Bennett, *pro hac vice* forthcoming
Elizabeth W. Hanes, *pro hac vice* forthcoming
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA  23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email:  lenbennett@clalegal.com
Email: craig@clalegal.com
Email: elizabeth@clalegal.com
***Counsel for Plaintiff***

PLAINTIFF'S ORIGINAL COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28